E-FILED
Tuesday, 23 February, 2010  09:32:40 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| Evelyn Cote and Alfred Cote, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  09-CV-1060 |
| | ) | |
| Tom Hopp, | ) | |
| Sarah Houston n/k/a Sarah Strope, | ) | |
| Scott Cowser, Dan Leezer, | ) | |
| Don Faulkner, John Jefferson, | ) | |
| James Drozdz, Brian Hunter, | ) | |
| City of Nauvoo, | ) | |
| Hancock County Sheriff's Department, | ) | |
| Jane Doe, John Doe, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiffs pursue various federal and state claims against law enforcement officers and entities, based on alleged misconduct which culminated in their alleged false arrest and malicious prosecution.  This case is now before the Court for a Report and Recommendation on Defendants' respective motions to dismiss.  (d/e's 29, 34, 36, 38).

## Legal Standard

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  However, the "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'"  <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009), *citing* <u>Twombly</u>, 127 S.Ct. 1955.  Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth."  <u>Id.</u> at 1951.  Plaintiffs must do more than "merely parrot the statutory language of the claims that

they are pleading (something that anyone could do, regardless of what may

be prompting the lawsuit), rather than providing some specific facts to

ground those legal claims, . . . ." Brooks v. Ross, 578 F.3d 574, 581

(7th Cir. 2009).  The court keeps in mind, however, that pro se pleadings

are liberally construed.  Bridges v. Gilbert, 557 F.3d 541, 546

(7th Cir. 2009).

## Background

Plaintiffs filed this action pro se on February 17, 2009.  The case was

initially assigned to Judge Harold A. Baker, who presides over the bulk of

civil complaints filed by pro se prisoners.  On June 24, 2009, Judge Baker

denied the petition to proceed in forma pauperis and noted several

problems with the Complaint.  (d/e 5).  After it was determined that this was

not a prisoner pro se case, the case was transferred to Judge Michael

Mihm.

The Court summarizes these allegations from the revised amended

complaint filed November 5, 2009 (d/e 28) and also from parts of Plaintiffs'

response to the motion to dismiss of Defendant Strope (d/e 32 and

attachments), when necessary to understand the factual basis for the

conclusory allegations. The Court did not consider the affidavits and other

documents attached to the motions to dismiss by Defendants Strope

(d/e 29),[1] or Defendants Hopp et al. (d/e 38), because doing so would

require the Court to treat the motions as summary judgment motions.

Fed. R. Civ. P. 12(d).  Further, this Court does not recommend that the

motions be treated as summary judgment motions because they do not

comply with Local Rule 7.1(D).

## Allegations

On or around June 23, 2007, Plaintiffs' son was driving his brother's

"antique BMW" when he was pulled over and arrested by Defendant

Cowser (Hancock County Deputy Sheriff) for driving with a suspended

license.  (d/e 32, Exs. F, K, M).  Defendant Hopp arrived at the scene, and

remained with the BMW waiting for a tow truck to arrive.   While Officer

Hopp was waiting, Plaintiffs pulled up, intending to rescue the BMW.

Plaintiff Alfred Cote ("Mr. Cote") told Officer Hopp that he had been sent to

retrieve the car, and Hopp allegedly handed Cote the car keys.  (d/e 32,

Ex. M).  However, the tow truck operator, Jason Zenk, would not allow

Plaintiffs to take the car without paying the towing fee in cash.  (d/e 32,

Ex. M).  Officer Hopp then took the towing company's side and refused to

---

[1]Formerly, Defendant Houston.

allow Plaintiffs to take the vehicle.  Id.  "At some point during these proceedings, Hopp activated the audio and video recording device in his squad car."  (d/e 32, Ex. F).  This was done without Plaintiffs' knowledge or consent.  That recording allegedly captured the conversations of Plaintiffs, and also  contained disparaging comments made by Officer Hopp to Jason Zenk (the tow operator) about Plaintiffs and their family.  (d/e 32, Ex. E, p. 3).  The BMW was eventually towed, and Mr. Cote "made it clear to Jason Zenk and to law enforcement that there would be a civil suit over this matter."  (d/e 32, Ex. M ¶ 14).

A little over a week later, in early July, 2007, arrest warrants were issued for Plaintiffs charging them with obstructing a peace officer, based on the towing incident.  The basis for the charge against Mr. Cote was that he had removed the car keys from the ignition and turned the front wheels on the BMW, in an effort to obstruct Officer Hopp from having the vehicle towed.  (d/e 32, Ex. G).  These charges were fabrications, as Officer Hopp was the one who had handed the keys to Mr. Cote, and Mr. Cote had not turned the steering wheel.  It is not clear what the factual basis was for the arrest warrant against Plaintiff Evelyn Cote ("Mrs. Cote").

On July 7, 2007, Defendants Strope (Nauvoo Police Officer) and Leezer (State Trooper) arrived at Plaintiffs' home to execute the arrest warrants.  The Complaint alleges that Defendant Strope allegedly "forcefully smashed in a door . . . entered the home, then enter[ed] the bathroom and attempted to remove Evelyn Cote from a toilet that she was using, without a search warrant or probable cause."  (d/e 28 ¶ 4).[2] However, Plaintiffs' response concedes that Strope did not make physical contact with Mrs. Cote, other than to open the bathroom door, which in turn touched Mrs. Cote's leg.  (d/e 32, p. 2, last paragraph).

Defendant Leezer used "unnecessary and excessive force" in arresting Mr. Cote, "causing severe injuries to both wrists, and injuries to [Mr. Cote's] head and back, with no justification to do so."  (d/e 28 ¶ 5). Mr. Cote also alleges that Defendant Leezer violated the Americans with Disabilities Act by "not dealing with or taking any consideration of [Mr. Cote's] disabilities that he was made aware of before arresting him . . . ."  (d/e 28 ¶ 12).

---

[2]Strope's affidavit tells a different story, but the Court cannot consider it.  Plaintiff Evelyn Cote's affidavit does not mention door smashing or removal of Mrs. Cote from the toilet, (d/e 32, Ex. L), and

The recording taken by Officer Hopp apparently became evidence in the obstruction charges.  (d/e 32, Ex. J, p. 2).  The recording in its entirety actually exonerated Plaintiffs because it showed that Plaintiffs did not take the keys from the BMW or turn the steering wheel.  However, Defendants Drodz (Hancock County State's Attorney), Hunter (Assistant State's Attorney), and Office Hopp allegedly edited or deleted parts of the recording "with a malicious intent of harming Plaintiffs."  (d/e 28, ¶ 9).  Plaintiffs move to exclude the recording, arguing that it was taken in violation eavesdropping statutes.  The motion in limine was granted, and the audio portion of the recording was excluded, apparently subject to Plaintiffs' opening the door. (d/e 3, p.2).  Plaintiffs were ultimately acquitted in a jury trial on July 15, 2009.

Later, Defendant Drozdz (State's Attorney) allegedly blocked Mr. Cote from filing a petition for a special prosecutor at the Hancock County Courthouse, by falsely telling the clerk that the petition could not be filed. (d/e 28 ¶ 14).  Mr. Cote did file that petition later.  (d/e 32, p. 5 first ¶).

## Analysis

### I.      Federal Claims

#### A.      Mr. Cote states a Fourth Amendment claim against Defendant Leezer for excessive force incident to his arrest.

"During the course of an arrest or other 'seizure' of a free citizen, the force used to detain the individual must be reasonable in a Fourth Amendment context.  Graham v. Connor, 490 U.S. 386, 395 (1989). "Police might well use excessive force in effecting a perfectly lawful arrest." Robinson v. Doe, 272 F.3d 921, 923 (7th Cir. 2002).  The allegations allow a plausible inference that Leezer used excessive force, which Leezer appears to concede, since he has not moved to dismiss this claim.

#### B.      Both Plaintiffs state a Fourth Amendment violation against Defendant Strope for allegedly "smashing in" the door when making the arrest.

Officer Strope allegedly damaged a door unnecessarily when she entered Plaintiffs' home to arrest Mrs. Cote, which arguably states a Fourth Amendment claim.  Strope's affidavit tells a very different story, but the Court cannot consider it at this juncture.

The Court sees no other constitutional violations by the manner in which Strope executed the arrest warrant.  Generally, law enforcement officers may enter a home to affect an arrest, if they have an arrest

warrant.  *See* Payton v. New York, 445 U.S. 573, 603 (1980).  According to

Mrs. Cote's affidavit (which the Court can consider since she is the

plaintiff), Mrs. Cote was sitting on the toilet in the bathroom, when Strope

entered the home.  Strope called out Mrs. Cote's name, and Mrs. Cote told

her to wait a minute.  Strope then opened the bathroom door, which would

not open past Mrs. Cote's legs.  Mrs. Cote again told Strope she needed to

wait, which Strope then did by standing near the side door.  (d/e 32, Ex. L

¶¶ 4-9).  Thus, by Mrs. Cote's own description, Strope did not attempt to

"remove her from the toilet" as the Complaint alleges, nor did Strope's

actions go beyond what was necessary to determine where Mrs. Cote was

and what she was doing.  The Court believes that Mrs. Cote has pleaded

herself out of a Fourth Amendment claim against Strope, other than the

damage to the door.[3]

No other defendants are implicated in this claim, including Strope's

apparent supervisor Defendant Faulkner, or Strope's employer, the City of

Nauvoo.  Supervisors are not liable for their subordinate's constitutional

violations solely because the supervisors are in charge.  Chavez v. Illinois

---

[3]Defendants contend the Mrs. Cote is barred by the two-year statute of limitations because she did not sign the Complaint until a revised amended complaint was filed on October 15, 2009.  (d/e 39, p. 17).  However, Mrs. Cote's signature does appear to be on the original Complaint (d/e 1).

State Police, 251 F.3d 612, 651 (7th Cir. 2001)("The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights.").  No plausible inference arises that Faulkner bears any personal responsibility for Strope's damage to the door.  Similarly, the City cannot be liable for its employee's constitutional violation unless that violation was caused by a City practice or policy.  *See* Billings v. Madison Metropolitan School Dist., 259 F.3d 807, 816 (7th Cir. 2001).  Although Plaintiffs allege that the City failed to properly train, supervise and control their employees, this allegation is too conclusory to state a claim.  Canton v. Harris, 489 U.S. 387, 388 (1989); Robles v. City of Fort Wayne, 113 F.3d 732, 735 (7th Cir. 1997)(discussing failure to train claim).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955.

**C.    Both Plaintiffs state a Fourth Amendment false arrest claim against Defendant Hopp, and possibly Defendant Drozdz, based on the alleged false statements used to procure the arrest warrants.**

Plaintiffs' false arrest claim is based on the lack of probable cause to arrest them for obstruction of a peace officer.  Wagner v. Washington

County, 493 F.3d 833, 836 (7th Cir. 2007)("Probable cause to arrest is an absolute defense to any claim against police officers under § 1983 for wrongful arrest, even where the defendant officers allegedly acted upon a malicious motive.").  Here, however, arrest warrants were issued. "Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation." Juriss v. McGowan, 957 F.2d 345, 351 (7th Cir. 1992).  To succeed on this claim, then, Plaintiffs must show that the arrest warrants were obtained based on knowingly false statements.  Kramer v. Village of North Fond du Lac, 384 F.3d 856 (7th Cir. 2004)(when warrant obtained, plaintiff must prove officer "'knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officers' determinations that probable cause existed for the arrests.'")(quoted cite omitted).

Liberally construing the allegations, Plaintiffs allege that the warrants were obtained based on intentionally false statements (i.e., that Mr. Cote took the keys from the ignition and turned the car's front wheels).  Under Illinois law, obstructing a police officer requires a "physical act" of

obstruction—"[v]erbal resistance or argument alone, even the use of abusive language, is not a violation of the statute." <u>People v. McCoy</u>, 378 Ill.App.3d 954, 962 (3rd Dist. 2008). According to Plaintiffs, they took no physical action to prevent the towing of the car, and Hopp knew this.

Plaintiffs do not allege which defendant(s) caused the arrest warrants to issue, but a reasonable inference arises that Officer Hopp was involved, since he was present at the towing incident. None of the other Defendants were present when the alleged incident occurred, and no plausible inference arises that any of the other defendants, except Defendant Drozdz, were involved in obtaining the arrest warrants.[4] Plaintiffs' blanket allegations of conspiracy are insufficient to bring in the other defendants. <u>Cooney v. Rossiter</u>, 583 F.3d 967, 971 (7th Cir. 2009) ("plaintiff must meet a high standard of plausibility" for allegations of vast, encompassing conspiracy).[5]

---

[4]As discussed above, Hopp's supervisor Faulkner cannot be liable on a respondeat superior basis, nor is there any plausible inference that City policy is responsible for Hopp's alleged constitutional violations.

[5]In the Court's opinion, Plaintiff's allegations in his response that the defendants are close friends is insufficient to allow a plausible inference of conspiracy. (d/e 43, p. 3, 4; d/e 45, p. 2).

Defendants Leezer and Strope are not liable for merely executing the arrest warrants.   No plausible inference arises from the factual allegations that Leezer or Strope were involved in providing information to obtain the arrest warrants, or knew when they executed the warrants that the warrants were not based on probable cause.  They therefore committed no false arrest or false imprisonment of Plaintiffs.[6]

Defendant Drozdz, the State's Attorney, did sign the information for the warrant.  Prosecutors are entitled to absolute immunity from civil actions for filing criminal charges, including motions seeking arrest warrants.  Kalina v. Fletcher, 522 U.S. 118, 129 (1997).  However, a prosecutor's sworn affidavit vouching for the truth of the facts charged is not entitled to absolute immunity.  Kalina, 522 U.S. at 129.  Drozdz swore under oath that "the facts in the foregoing Information known to me, or told to me by other reliable persons, form the basis for my belief that the defendant committed the offense(s) charged herein."  (d/e 32, Ex. G).  Drozdz does not address whether this statement affects his immunity under Kalina.  It may well be that Drozdz' role in obtaining the arrest warrants was

---

[6]The attachments to Plaintiffs response suggest that Mrs. Cote was allowed to drive herself to an ATM to obtain the $200 in bond money for both herself and Mr. Cote, and then drive herself to the jail.  (d/e 32, pp. 13, 15).

limited to his prosecutorial function, but at this point, there is not enough

information to make that determination.   Accordingly, this claim should

remain at this time against Drozdz for further development and for

reconsideration at summary judgment.

### D.    No other federal claims are stated.

#### 1) Eavesdropping

Plaintiffs assert that Hopp violated 18 U.S.C. § 2511 when he

recorded the towing incident without their knowledge or consent. In

pertinent part, 18 U.S.C. § 2511 prohibits any person from intercepting and

disclosing "wire, oral, or electronic communications."  18 U.S.C. § 2520

provides a civil action for violations.

Defendants argue that the exception in 18 U.S.C. § 2511(2)(c)

applies, which provides that:

> It shall not be unlawful under this chapter for a person acting
> under color of law to intercept . . . where such person is a party
> to the communication or one of the parties to the
> communication has given prior consent to such interception.

Hopp contends that he was acting within his duties as a police officer

when he made the recording, and was thus acting under "color of law."

However, "color of law" in § 2511 has a more restrictive meaning than

"color of law" under 42 U.S.C. § 1983.  Thomas v. Pearl, 998 F.2d 447, 451

(7th Cir. 1993)("if color of law means the same thing in § 2511 that it means in § 1983, police officers who secretly taped conversations without a warrant or the approval of their superiors would be free from criminal and civil liability.  That cannot be what Congress intended.").  The Court cannot tell at this point whether Hopp meets the "color of law" exception.

However, the exception under § 2511(d) does apply to Hopp. Section 2511(d) states that it is not unlawful for a person to intercept the conversation if that person "is a party to the communication . . . unless such communication is intercepted for the purpose of committing any criminal or tortious act . . . ."  Hopp was a party to the communications—he was present at the scene.  No plausible inference arises that Hopp committed any torts or crimes by making the recording, other than violating the wiretap statute itself, which does not count.  Thomas v. Pearl, 998 F.2d 447, 451 (7th Cir. 1993)(coach's surreptitious recording of conversation did not violate wiretap law, where no allegations that coach violated any law other than wiretap law itself).

### 2) Americans with Disabilities Act

Mr. Cote alleges that Defendant Leezer violated the Americans with Disabilities Act during the arrest by ordering Mr. Cote to put his hands

behind his back and bend over, after Mr. Cote said he was physically unable to do so.  Since Defendant Leezer is not Mr. Cote's employer or a public entity, only Title II of the ADA could possibly be relevant.  Title II provides that "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Mr. Cote does not seem to specify what he disability is, but one of his attachments indicates that he told Trooper Leezer that he could not bend over because of "West Nile."  (d/e 32, Ex. D).[7]  No plausible inference arises that Mr. Cote was a qualified individual with a disability as defined under the ADA, or that Leezer believed that Plaintiff had any disability.  In any event, no plausible inference arises that the way in which Leezer arrested Plaintiff amounted to discrimination because of Plaintiff's alleged disability.  *See*, *e.g.,* Davenport v. City of Chicago, 653 F.Supp.2d 885, 893 (N.D. Ill. 2009)(dismissing arrestee's ADA claim for failure to state a claim).

---

[7]Mr. Cote contends that he has already provided detail on his disability, but the Court did not find it in the record.  In any event, even if he is a qualified individual with a disability, no plausible inference arises that he was discriminated against *because of* that disability.

Mr. Cote's claim about the manner in which he was arrested falls under the Fourth Amendment (see above), not the ADA.

### 3) Malicious Prosecution

If Plaintiffs are trying to pursue a federal malicious prosecution claim, they cannot do so.  Malicious prosecution is not a constitutional tort unless the state provides no remedy.  Wiley v. City of Chicago, 361 F.3d 994 (7th Cir. 2004).  Illinois does provide a tort claim for malicious prosecution, Swick v. Liautaud, 169 Ill.2d 504 (1996).

In any event, absolute immunity would protect the prosecutors from federal claims regarding their decision to pursue the charges and prosecute through trial.  Prosecutors have absolute immunity for actions intimately associated with the judicial process, such as evaluating evidence and determining whether or not to bring charges or continue prosecuting a case.  *See* Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)(prosecutor's absolute immunity extends to "the [prosecutor's] professional evaluation of evidence assembled by the police"); Burns v. Reed, 500 U.S. 478, 488 (1991)(prosecutors shielded by absolute immunity for presenting false testimony in probable cause hearing); Davis v. Zirkelbach, 149 F.3d 614, 617 (7th Cir. 1998)(prosecutors' decision to commence and continue

prosecuting protected by absolute immunity); Spiegel v. Rabinovitz, 121 F.3d 251, 256-57 (7th Cir. 1997)(prosecutor absolutely immune from allegations that he intentionally overlooked witnesses and exculpatory evidence in bringing charge).  This is so even if a prosecutor "initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."  Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976).

Further, "[t]here is no 'constitutional right not to be prosecuted without probable cause.'" Penn v. Harris, 296 F.3d 573, 576 (7th Cir. 2002), *quoting* Newsome at 750 (7th Cir. 2001).  Plaintiff must allege a violation of a specifically enumerated constitutional right.  Penn, 296 F.3d at 575. Plaintiffs do allege that Drozdz, Hunter and Hopp edited or deleted exculpatory portions of the recording.  Withholding exculpatory evidence can state a federal claim and prosecutors would not necessarily be entitled to absolute immunity.  Carvajal v. Dominguez, 542 F.3d 561 (7th Cir. 2008); Manning v. Miller, 355 F.3d 1028, 1032 (7th Cir. 2004).  However, Plaintiffs' allegations suggest no "plausible right to relief" on such a claim. Plaintiffs admit that their motion in limine on the audio part of the recording was granted, and that they had the opportunity to use the video portion for

impeachment purposes.  (d/e 3).  Thus, Plaintiffs did have the recording in time to use it, and they were not prejudice by whatever alleged deletions were made.  Carvajal, 542 F.3d at 566-67 (*Brady* claim requires showing that prosecution failed to disclose evidence in time for defendants to use, and that the failure made a difference in the trial).[8]

### 5) Access to Court

Mr. Cote also alleges that Defendant Drozdz blocked him from filing a petition at the courthouse.  An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim.  Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996); Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case).  It is clear from Plaintiffs' response that Mr. Cote did file his petition later, even if Drozdz prevented his first attempt.  Thus, no inference of "actual injury" arises.  Nor does any inference arise that Mr. Cote was unable to pursue a nonfrivolous claim.

---

[8]Plaintiffs contend in their response that they did not see the recording in full until March 2009, shortly before a hearing on their motion in limine.  (d/e 46, p. 7).  They believe that 18 minutes remains unaccounted for.

### 6) Violation of State Statutes

Lastly, there is no federal claim based on violations of the Illinois statutes on towing and eavesdropping. <u>Thompson v. City of Chicago</u>, 472 F.3d 444, 454 (7th Cir. 2006)("'42 U.S.C. § 1983 protects plaintiff from constitutional violations, not violations of state laws, . . . .'")(quoted cite omitted).

## II.    State Law Claims

**A.    Defendant Leezer does not move to dismiss the state law battery claim against him, so it remains in.**

**B.    Both Plaintiffs state a malicious prosecution claim against Defendants Hopp and, possibly, Defendants Drozdz and Hunter.**

The state law malicious prosecution claim accrued when Plaintiffs were acquitted in July 2009 and is therefore not barred by the one-year limitations. <u>Ferguson v. City of Chicago</u>, 213 Ill.2d 94, 99 (2004).  A malicious prosecution claim under Illinois law requires: "'(1) the commencement or continuance of an original criminal or civil judicial proceeding . . .; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages . . .'" <u>Swick v. Liautaud</u>, 169 Ill.2d 504, 662 N.E.2d 1238, 1242 (1996)(citations omitted).

Liberally construed, Defendants Hopp intentionally lied about Plaintiffs' conduct at the towing incident, in order to fabricate obstruction charges against them.  Defendants Drozdz allegedly sought the arrest warrant despite knowing it was based on lies, and both Drozdz and Hunter continued to prosecute the case despite this knowledge and despite knowing, from the recording, that the charges were false.

Public official immunity may likely ultimately protect Drozdz and Hunter from this claim.  *See* Aboufariss v. City of DeKalb, 305 Ill.App.3d 1054, 1064-65 (2d Dist. 1999)(upholding summary judgment to prosecutor's involvement in obtaining arrest warrant, where questions at hearing on the complaint were directed to police officer)("A prosecutor acting within the scope of her prosecutorial duties enjoys immunity from civil liability, the same immunity afforded to the judiciary.").  However, though it appears similar, Defendants have not addressed the contours of state immunity as compared to federal absolute immunity.  *See, e.g.,* Horstman v. County of DuPage, 284 F.Supp.2d 1125, 1133 (N.D. 2003)(declining to dismiss claims against prosecutors based on public official immunity without developed record as to malice).  Accordingly, the Court believes that this claim should remain in for further development.

**C.    The rest of the state claims are either barred by the one-year statute of limitations or fail to state a claim.**

Other than the malicious prosecution claim, Plaintiffs' state tort claims appear to be for false arrest, false imprisonment, defamation, intentional infliction of emotional distress, and failure to train/supervise employees. Their state statutory claims are based on violations of the Illinois eavedropping statutes, the police tow statute (625 ILCS 5/4-203), and Illinois Criminal Code 33-3.

745 ILCS 10/8-101(a) sets a one-year statute of limitations on civil actions against local entities and employees of local entities.  It reads:

> No civil action other than an action described in subsection (b)[9] may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

Plaintiffs contend that the two-year limitations in 735 ILCS 5/13-202 applies because this is an action "for damages for an injury to the person, or for false imprisonment, or malicious prosecution, . . . ."  735 ILCS 5/13-202.  They assert that 5/13-202 controls because it is more specific than 10/8-101(a).  However, the Illinois Supreme Court has rejected this argument.  In <u>Paszkowski v. The Metropolitan Water Reclamation District</u>

---

[9]Actions arising out of patient care.

of Greater Chicago, 213 Ill. 2d 1 (2004), the Illinois Supreme Court held

that a construction worker's personal injury action against a local public

entity was governed by the one-year limitations period, rather than the

four-year period for "construction-related" actions in 745 ILCS 13-214(a).

The Court reasoned that:

> Regardless of whether section 13-214(a) is more specific than
> section 8-101 . . ., it is the legislature's intent that is of foremost
> importance. . . .In *Ferguson*, this court reached agreement as
> to the legislature's intent with regard to section 8-101.
> According to *Ferguson*, "the legislature intended that section 8-
> 101 of the Act apply '*broadly to any possible claim* against a
> local governmental entity and its employees.'" . . . Given the
> breadth of this intent, we conclude, in keeping with *Ferguson,*
> that the comprehensive protection afforded by section 8-101
> necessarily controls over other statutes of limitation or repose.

213 Ill.2d at 12-13; Ferguson v. City of Chicago, 213 Ill.2d 94, 99

(2004)(one-year limitations applied to arrestee's malicious prosecution

action against city).  The one-year limitation applies to the state statutory

claims as well as the state tort claims. 745 ILCS 10/8-101 (c)("'civil action'

includes any action, whether based upon the common law or statutes or

Constitution of this State").  Plaintiffs also assert that 735 ILCS 10/8-101(a)

is unconstitutional, but that argument has also been rejected.  Fanio v.

John W. Breslin Co., 51 Ill.2d 366, 368 (1972).

The only defendants who are not local public entities or employees thereof are Leezer (State Trooper), Drozdz (State's Attorney) and Hunter (Assistant State's Attorney).  745 ILCS 10/1-206 ("local public entity" does not include State or officer of State); <u>Garcia v. City of Chicago</u>, 24 F.3d 966, 969 (7th Cir.1994)("the Illinois Supreme Court decided in 1990 that state's attorneys are state officials").  Thus, with the exception of the malicious prosecution claim, all of Plaintiffs' state claims against these defendants are barred by the one-year statute of limitations.  The claims all arise from the June 2007 towing incident (when the alleged illegal recording and defamation occurred) and subsequent arrest of Plaintiffs in July 2007.  Plaintiffs seem to assert that the injuries continued through July 2009, when they were acquitted.  However, the causes of action accrued when Plaintiffs knew or should have known of the violations, which was no later than July 2007, when they were arrested on the charges.[10]  <u>Evans v.</u>

---

[10]Plaintiffs do seem to allege that they discovered the illegal recording with the defamatory statements in April 2008, which would be within the one year limitations. (d/e 28, para. 3).  However, even if limitations does not bar their defamation claim, they fail to state a defamation claim.  They do not identify what the defamatory statements were.  They seem to base it on Officer Hopp's comments to Jason Zenk (the tow operator) about Plaintiff's family, which were made during the towing incident.  (d/e 32, Ex. E, p. 3).  Opinions, however, cannot be the basis for a defamation action, <u>Naked City, Inc. v. Chicago Sun-Times,</u> 77 Ill.App.3d 188, 190 (1st Dist. 1979), and Plaintiffs do not allege that any of the factual statements by Hopp were false.  Similarly, if Plaintiffs are alleging that the intentional infliction of emotional distress occurred within the one-year, their conclusory allegations do not state a claim.  Lewis v. School District, 523 F.3d 730, 747 (7th 2008)(discussing elements of claim:  "This standard is quite high.").

City of Chicago, 434 F.3d 916, 934 (7th Cir.2006).  They seek injunctive

relief, but no plausible inference arises of any ongoing constitutional

violations.  Injunctive relief is not available for past misconduct or for the

feared future misconduct.  *See* City of Los Angeles v. Lyons, 461 U.S. 95,

105 (1983).  They allege that Defendants "continue[ ] to use the illegally

obtained DVD" (d/e 28 ¶ 2), but they do not explain how.

### Conclusion

The Court accordingly concludes that Plaintiffs state the following

claims:

**Federal Claims**

- Fourth Amendment claim by Mr. Cote against Defendant Leezer based on excessive force incident to arrest

- Fourth Amendment claim by both Plaintiffs against Defendant Strope for damage to door incident to arrest

- Fourth Amendment claims by both Plaintiffs against Defendants Hopp and Drozdz for false arrest

---

The Court also notes that an arrest made pursuant to an arrest warrant does not make out a claim for false imprisonment.  Davis v. Temple, 284 Ill.App.3d 983, 991 (5th Dist. 1996).  Nor do Plaintiffs state a claim under the Illinois eavesdropping statutes. Thomas, 998 F.2d at 453 (Illinois Supreme Court has held that eavesdropping statute does not apply to surreptitious taping by someone who is a party to the conversation)(*citing* People v. Beardsley, 115 Ill.2d 47 (1986)).  Hopp was a party to the conversation.

**State Claims**

- battery claim by Mr. Cote against Defendant Leezer

- malicious prosecution claim by both Plaintiffs against Defendants Hopp, Drozdz, and Hunter

The Court will recommend dismissal of the remaining claims and defendants for the reasons set forth above.

WHEREFORE, the Court RECOMMENDS that:

1) Defendant Leezer's motion to dismiss be granted (d/e 34). The Fourth Amendment excessive force and state law battery claims will remain against Defendant Leezer.

2) The motion to dismiss by Defendants Cowser, Jefferson, Drozdz, Hunter, and the Hancock Sheriff's Department be granted in part and denied in part (d/e 36). The Court recommends dismissal of Defendants Cowser, Jefferson, and the Hancock County Sheriff's Department. The Court recommends dismissal of the claims against Defendants Drozdz and Hunter except for the state malicious prosecution claim and the Fourth Amendment false arrest claim against Defendant Drozdz.

3) The motion to dismiss by Defendant Strope be granted in part and denied in part (d/e 29). The Court recommends dismissal of all the claims against Strope except for the Fourth Amendment claim for damaging the door incident to Mrs. Cote's arrest.

4) The motion to dismiss by Defendants Hopp, Faulkner and the City of Nauvoo by granted in part and denied in part (d/e 38). The court recommends dismissal of Defendants Faulkner and the City of Nauvoo. The Court further recommends dismissal of the claims against Defendant Hopp, except for the Fourth

Amendment false arrest claim and the state malicious prosecution claim.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    February 23, 2010

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE