# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EVELYN COTE and ALFRED COTE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 09-1060 |
| | ) |
| TOM HOPP, SARAH HOUSTON, n/k/a | ) |
| SARAH STROPE, SCOTT COWSER, DAN | ) |
| LEEZER, DON FAULKNER, JOHN | ) |
| JEFFERSON, JAMES DROZDZ, BRIAN | ) |
| HUNTER, CITY OF NAUVOO, HANCOCK | ) |
| COUNTY SHERIFF'S DEPARTMENT, JANE | ) |
| DOE, and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

On February 23, 2010, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that certain of Defendants' Motions to Dismiss be granted in whole or in part. Plaintiffs filed a timely response to the Report & Recommendation, and this Order follows.

### BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here. Suffice it to say that this action arises out of what Plaintiffs allege was their false arrest and malicious prosecution following an incident involving the towing of a car that occurred on or around June 23, 2007, as well as their subsequent arrest. On that day, Defendant Cowser, a Hancock County Deputy Sheriff, arrested Plaintiff's son on charges of driving with a

suspended license. Defendant Hopp, a Nauvoo police officer, arrived on the scene and dealt with the Plaintiffs and the eventual towing of the car, which also involved recording the incident from his dashboard camera. Approximately a week later, arrest warrants were obtained for Plaintiffs on charges of obstructing a police officer in connection with the towing. Defendants Strope, a Nauvoo police officer, and Leezer, a state trooper, executed the arrest warrants at Plaintiffs' home on July 7, 2007. Defendants Hopp, Drozdz, the Hancock County State's Attorney, and Hunter, an Assistant State's Attorney, are alleged to have altered the dashboard recording for purposes of Plaintiffs' prosecution. Any claims against Defendants Faulkner, the Nauvoo City Marshall, and Jefferson, the Sheriff of Hancock County, appear to be based solely on their status as the supervisor of other Defendants.

Plaintiffs commenced the present litigation by filing a Complaint on February 17, 2009. An Amended Complaint followed on July 6, 2009. Separate Motions to Dismiss were brought by: (1) Defendant Leezer; (2) Defendants Cowser, Jefferson, Drozdz, Hunter and the Hancock County Sheriff's Department (the "Hancock County Defendants"); (3) Defendant Strope; and (4) Defendants Hopp, Faulkner, and the City of Nauvoo (the "Nauvoo Defendants"). Once the Motions were fully briefed, the Magistrate Judge recommended that Defendant Leezer's Motion be granted and that the remainder of the Motions be granted in part and denied in part.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b).

"The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.

## ANALYSIS

Plaintiffs first object to the portion of the Report & Recommendation finding that other than Mrs. Cote's Fourth Amendment claim that Defendant Strope smashed in the door to their home in effectuating the arrest, Plaintiffs have pled no other viable claims against Defendant Strope for her conduct.[1]  Although the Complaint had alleged that Defendant Strope removed Mrs. Cote from the toilet in arresting her, Mrs. Cote's own affidavit contradicts this assertion.  Plaintiffs also complain that Defendant Strope violated their rights by not having a search warrant at the time, but it is clear that the officers did possess a valid arrest warrant, which is all that was necessary under the circumstances.  Accordingly, these objections are without merit.

The Magistrate Judge next concluded that both Plaintiffs have stated a Fourth Amendment false arrest claim against Defendants Hopp and Drozdz based on a lack of probable cause as a result of the alleged false statements used to obtain the arrest warrants.  The Magistrate Judge noted that based on the allegations of the Complaint, none of the other Defendants were present during the towing incident or participated in obtaining the arrest warrants.  Plaintiffs response to this finding argues summarily that they hope to discover evidence to maintain false arrest claims against Cowser and Hunter, as well as the Hancock County Sheriff's Department.  However, these bald assertions devoid

---

[1] The Magistrate Judge further notes that the viable Fourth Amendment claim against Defendant Strope does not implicate either Defendant Faulkner or the City of Nauvoo, as there is no plausible inference of personal, supervisory, or municipal responsibility based on the allegations of the Complaint.

of factual basis are insufficient to entitle Plaintiffs to proceed on such claims at this time, and their objections warrant no further discussion.

The Magistrate Judge then found that no other federal claims are stated in the Complaint. Specifically, the claim for eavesdropping or wrongful interception of a conversation is barred by the exception under 18 U.S.C. § 2511(d), which excludes communications to which the interceptor was a party. As Defendant Hopp was clearly a party to the recorded conversation, no viable claim based on the conduct exists. Plaintiffs suggest that the fact that the Recommendation recognizes a viable claim against Hopp for false arrest, the Magistrate Judge has necessarily concluded that Hopp was in the process of committing a criminal or tortious act while secretly recording them at the scene of the towing incident, making the exception in §2511(d) inapplicable. However, Plaintiffs have misconstrued the Recommendation. The existence of a viable claim in connection with providing false statements in obtaining an arrest warrant several days after the towing incident simply does not provide a basis for or finding of any viable claim for wrongdoing by Hopp prior to that time.

Plaintiffs take issue with the finding that Mr. Cote cannot maintain a claim against Defendant Leezer pursuant to the Americans With Disabilities Act ("ADA") based on his conduct during the course of Mr. Cote's arrest. Plaintiffs argue that Mr. Cote was disabled due to "West Nile" and could not comply with Defendant Leezer's direction to put his hands behind his back and bend over without injuring himself. However, it is clear that Defendant Leezer is neither Mr. Cote's employer nor a public entity, and was not excluded from participation or denied publicly available benefits or services because of his disability, as required to sustain a claim under the ADA, 42 U.S.C. § 12112, et seq. Plaintiffs' objection

that Defendant Leezer knew that he was in fact disabled ignores these deficiencies and must therefore be overruled.

Plaintiffs make no response to the Magistrate Judge's recommendation that they cannot pursue a federal claim for malicious prosecution based on the availability of a state law remedy. However, Plaintiffs do object to the finding that Mr. Cote cannot state a claim against Defendant Drozdz for denial of access to the courts based on his alleged "blocking" him from filing a petition in the courthouse. Given the fact that Mr. Cote did ultimately file his petition, he suffered no actual injury as a result of Drozdz' action as required by Lewis v. Casey, 116 S.Ct. 2174 (1996), and Walters v. Edgar, 163 F.3d 430 (7th Cir. 1998). Plaintiffs' attempt to distinguish this caselaw by suggesting, without citation to supporting authority, that the temporary delay in Mr. Cote's ability to file his petition was an actual injury is unavailing.

The Magistrate Judge further found that Plaintiffs can proceed with state law claims against Defendant Leezer for battery and against Defendants Hopp, Drozdz, and Hunter for malicious prosecution. The remainder of the state law claims (e.g., false arrest, false imprisonment, defamation, intentional infliction of emotional distress, and failure to train/ supervise) were found to be either barred by the one-year statute of limitations under Paszkowski v. The Metropolitan Water Reclamation District of Greater Chicago, 213 Ill.2d 1 (2004), based on the fact that they arose from the June 2007 towing incident or July 2007 arrest, or failed to state a claim.

Plaintiffs challenge the statute of limitations ruling with respect to their defamation/eavesdropping claim by asserting that the dashboard recording containing the allegedly defamatory statements was not made known to them until April 2008, which

would be within the one-year statute of limitations. Assuming arguendo that the claim would not be barred by the statute of limitations, it would necessarily fail as Plaintiffs do not identify any of the allegedly defamatory statements beyond the vague assertion that they were comments made by Defendant Hopp to the tow truck driver. In their objection, Plaintiffs do not establish that any purported assertions of fact are in fact false. Moreover, the portions of the recorded conversation cited represent little more than the opinions of Hopp, which are simply not actionable in a defamation action. *See* Naked City, Inc. v. Chicago Sun-Times, 77 Ill.App.3d 188 (Ill.App.1st Dist. 1979); Haynes v. Alfred A. Knopf, Inc., 8 F.3d 1222, 1227 (7th Cir.1993) (holding that a statement is opinion when it is clearly an expression of a subjective view, rather than a claim by the speaker of objectively verifiable facts.)

The eavesdropping claim is flawed under the Illinois Supreme Court's holding in People v. Beardsley, 115 Ill.2d 47 (Ill. 1986), that such an action does not apply to taping by someone who is a party to the conversation. Plaintiffs' challenge to the constitutionality of the one-year statute of limitations based on due process or equal protection is likewise foreclosed under Fanio v. John W. Breslin Co., 51 Ill.2d 366 (1972). Plaintiffs convoluted arguments to the contrary are without merit.

Plaintiffs summarily assert that they could not have known of their false arrest, false imprisonment, or intentional infliction of emotional distress claims until after seeing the video recording in April 2008. However, it is clear that false arrest and false imprisonment actions accrue at the time of the arrest or imprisonment. *See* Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir.1998); Perez v. Sifel, 57 F.3d 503, 505 (7th Cir.1995). With respect to the intentional infliction of emotional distress claim, the allegations of the Amended Complaint

clearly indicate that the claim arose out of conduct occurring during the arrests on July 7, 2007, and subsequent prosecution, which also occurred long before April 2008. Moreover, the conclusory and summary allegation that they suffered intentional infliction of emotional distress is fatally insufficient to sustain a claim under applicable law. *See* Lewis v. School District, 523, 523 F.3d 730 (7th Cir. 2008).

## CONCLUSION

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#48] of the Magistrate Judge in its entirety. Accordingly, Defendant Leezer's Motion to Dismiss [#34] is GRANTED, leaving the excessive force and battery claims against him. The Motions to Dismiss by the other Defendants [#36, #29, and #38] are GRANTED IN PART and DENIED IN PART. The Motion to Dismiss by the Hancock County Defendants is denied as to the state malicious prosecution claim against Drozdz and Hunter and the Fourth Amendment false arrest claim against Drozdz and granted in all other respects; Defendants Cowser, Jefferson, and the Hancock County Sheriff's Department are hereby dismissed as parties to this action. Defendant Strope's Motion to Dismiss is denied as to the Fourth Amendment claim for smashing in the door during the course of the arrest and granted in all other respects. The Motion to Dismiss by Defendants Hopp, Faulkner, and the City of Nauvoo is denied with respect to the claims against Hopp for Fourth Amendment false arrest and state law malicious prosecution and granted in all other respects; Defendants Faulkner and the City of Nauvoo are hereby dismissed as parties to this action.

As a result of these rulings, the following claims remain in this case to proceed to discovery: (1) Mr. Cote's Fourth Amendment excessive force claim against Defendant Leezer; (2) Fourth Amendment claims against Defendant Strope by both Mr. and Mrs. Cote for allegedly smashing in their door while making the arrest; (3) Fourth Amendment false arrest claims against Defendants Hopp and Drozdz based on the allegedly false statements used to procure the arrest warrants; (4) a state law claim by Mr. Cote against Defendant Leezer for battery; and (5) a state law malicious prosecution claim by both Mr. and Mrs. Cote against Defendants Hopp, Drozdz, and Hunter.  This matter is REFERRED to Magistrate Judge Cudmore for further proceedings.

ENTERED this 1st day of April, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge