E-FILED
Friday, 24 June, 2011 10:29:59 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Evelyn Cote and Alfred Cote, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 09-CV-1060 |
| Tom Hopp et al., | ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a report and recommendation on Plaintiff's motion for a protective order and/or a temporary restraining order or permanent injunction (d/e 76)[1]. Plaintiffs seek to prevent the dissemination of a video recording made by Defendant Officer Hopp during some of the events relevant to this case. For the reasons below, the Court recommends that the motion be denied.

### Background

This case began with an incident on June 23, 2007, when Plaintiffs' son was pulled over for a driving violation. Plaintiffs arrived at the scene,

---

[1]The Court is proceeding with a Report and Recommendation because Plaintiff's motion concerning the permanent injunction is dispositive in nature.

intending to retrieve the car that their son had been driving, but they allegedly were not permitted to take the car unless they paid the tow truck operator, Jason Zenk. Various disputed words and actions followed, and "[a]t some point during these proceedings, [Defendant Officer] Hopp activated the audio and video recording device in his squad car," allegedly without Plaintiff's' knowledge or consent. (d/e 32, Ex. F). According to Plaintiffs, that recording contains sensitive information and defamatory comments by Officer Hopp against Plaintiffs. (d/e 76, p. 2). The alleged defamatory comments at issue can be found in various pleadings filed by Plaintiffs. (d/e 32, Ex. E; d/e 49, p. 10; d/e 8, p.3; d/e 43 pp. 1).

A few weeks after this incident, Plaintiffs were arrested for obstructing a peace officer, based on alleged false accusations that Plaintiffs had obstructed Officer Hopp from having the car towed. During the execution of the arrest warrants, Defendant Officer Strope allegedly "forcefully smashed in a door" and Officer Leezer allegedly used excessive force on Plaintiff Alfred Cote. In Plaintiffs' state criminal proceedings, the state court granted Plaintiffs' motion in limine to exclude the video recording on the grounds that it was obtained in violation of the Illinois eavesdropping statutes, and Plaintiffs were allegedly ultimately acquitted in a bench trial.

Plaintiffs followed with this lawsuit, and, after a round of motions to dismiss, are proceeding on Fourth Amendment claims for false arrest, excessive force, and for smashing in the door when executing the warrant. They are also proceeding on state claims for battery and malicious prosecution. (Judge Mihm's 4/1/10 Order, d/e 50, p. 8). The case is in the process of discovery, with discovery currently set to close on July 15, 2011.

**Analysis**

Plaintiffs assert that they discovered at the deposition of Jason Zenk, the towing operator, that Zenk had been given a copy of the video recording ("DVD") by counsel for Defendants Drozdz and Hunter. Plaintiffs believe that Zenk was given the DVD "for the purpose of harassment and intimidation . . . ." (d/e 76, p. 2, ¶ 2). They fear that Zenk could publish the DVD on the internet to further humiliate the Plaintiffs, and fear that the DVD may have been disseminated to others for the same purpose. Defendants Hopp and Strope,[2] the only defendants who have filed a response to Plaintiffs' motion, maintain that a copy of the DVD was given to Zenk in advance of his deposition to refresh his recollection, not for any improper purpose.

---

[2]The caption identifies this defendant as "Sarah Houston, police officer, now known as Sarah Strope." The response to the motion for protective order lists Sarah's last name as Stuecker.

In their motion, Plaintiffs seek an order directing the defendants to disclose the location of all copies of the DVD and transcripts thereof and to retrieve all said copies. They further seek an order prohibiting disclosure of the material except to counsel of record, and prohibiting use of these materials except by leave of court. Lastly, Plaintiffs ask that all copies be returned to them at the close of the case and that the originals be sealed or destroyed. Defendants Hopp and Strope object.

Federal Rule of Civil Procedure 26(c) allows the court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . ." However, the Court cannot issue a protective order without first determining that good cause exists for such an order. Fed. R. Civ. P. 26(c); *see* <u>Jepson, Inc. v. Makita Elec. Works, Ltd.</u>, 30 F.3d 854, 858-59 (7th Cir. 1994)(court must make independent assessment of good cause even if parties stipulate to protective order). Plaintiffs do not adequately explain why a protective order is warranted. They do not identify what the "sensitive" material is on the DVD, nor what Hopp's comments were, other than those that have already been disclosed by Plaintiffs in this case. Further, if Plaintiffs seek an order to seal information, they must follow Local Rule 5.10,[3] which

---

[3] The local rules can be found on the Central District's website, www.ilcd.uscourts.gov.

requires a party to explain how the information "meets the legal standards for sealed documents" and submit the material for an *in camera* review by the Court. *See also* <u>Citizens First National Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 944 (7th Cir. 1999)(court must make its own determination that good cause exists for sealing the record).

Additionally, it appears that the alleged offensive parts of the transcript have already been filed by Plaintiffs, and thus are already part of the public record in this case. (d/e 32, Ex. E; d/e 49, p. 10; d/e 8, p.3; d/e 43 pp. 1). The public has a right of access to documents filed in the public record. <u>Bond v. Utreras</u>, 585 F.3d 1061, 1075 (7th Cir. 2009)("The rights of the public kick in when material produced during discovery is filed with the court.")(citing <u>Seattle Times</u>, *infra*). If Plaintiffs seek to seal information that they have already filed in this case, they have not justified such a result.

Similarly, Defendants Hopp and Strope maintain that the transcript and the DVD are already part of the record in the state court proceedings. According to Plaintiffs, the state court ruled the DVD inadmissible, but Plaintiffs were permitted to and did use the DVD to impeach the State's witnesses. (d/e 8, p. 1; d/e 32, pp. 4-5). It would be the state court's decision whether those records should be sealed, not the federal court's. Plaintiffs cite the state court's ruling that the recording was inadmissible in

support of their motion. However, that ruling does not necessarily mean that the material should be sealed or subjected to a protective order in this case.

Plaintiffs may be trying to argue that a protective order or injunction should issue because dissemination of the DVD and transcript would violate 720 ILCS 5/14-2(a)(3), which states that "a person commits eavesdropping when he: . . . [u]ses or divulges . . . any information which he knows or reasonably should know was obtained through use of an eavesdropping device." 720 ILCS 5/14-6 provides civil remedies to "injured parties" who were parties to the illegally recorded conversation, including an injunction against further eavesdropping and "actual" or punitive damages.[4] However, Plaintiffs' allegations do not allow an inference that an injunction may issue under that section to stop the defendants from using the DVD and transcript in this case to defend themselves, which is what they are doing. It is clear from a review of the record that Plaintiffs intend to rely heavily on the DVD and transcript to demonstrate that no

---

[4]The Court does not see what damages would be available under 720 ILCS 5/14-6, since Plaintiffs admit that the DVD helped exonerate them in their criminal proceedings and will help prove their case here. Additionally, only parties to the conversation may sue under the Illinois statute, 720 ILCS 5/14-6(1)("Any or all parties to any conversation upon which eavesdropping is practiced contrary to this Article shall be entitled to the following remedies: . . ."). Plaintiffs were not parties to the particular conversation wherein Hopp made his unflattering remarks, though they were apparently parties to other conversations caught in the recording.

probable cause existed for the charges against them, and also intend to use the DVD to impeach the defendants. Defendants must "use and divulge" the DVD to the extent necessary to defend themselves in this case. There is no allegation beyond Plaintiffs' speculation that the DVD or transcript has been divulged to anyone beyond the parties and witnesses involved in this case. Jason Zenk, the tow operator, was a witness and participant in the incident that was recorded. Plaintiffs do not explain how Zenk's review of the DVD before his deposition was improper. In fact, Zenk's review of the DVD enabled Plaintiff Alfred Cote to pose questions to Zenk about the DVD. *See*, *e.g.,* Zenk Dep. at p. 25-30 (d/e 83-2).

If Plaintiffs are trying to argue that dissemination of the video amounts to defamation, the defamation claim has been dismissed. (d/e 50). As Judge Mihm ruled, "the portions of the recorded conversation cited represent little more than the opinions of Hopp, which are simply not actionable in a defamation action." (d/e 50, p. 6).

In short, Plaintiffs have not demonstrated that the issuance of a protective order is warranted. For the same reasons, Plaintiffs have not established grounds for the issuance of an injunction or temporary restraining order. *See* Girl Scouts of Manitou Council, Inc. v. Girl Scouts of

U.S. of America, 549 F.3d 1079, 1085 (7th Cir. 2008)(for discussion of preliminary injunction elements).

WHEREFORE, the Court RECOMMENDS that Plaintiffs' Motion for a Protective Order and/or TRO/Permanent Injunction (d/e 76) be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: June 24, 2011

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE