# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EVELYN COTE and ALFRED COTE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-CV-1060 |
| | ) | |
| TOM HOPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Alfred Cote's Motion to Compel Danny Leezer to Produce Documents and Recordings (d/e 96) (Motion).[1] For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Plaintiffs Evelyn and Alfred Cote (the "Cotes") allege, <u>inter</u> <u>alia</u>, that on July 7, 2007, Defendant Illinois State Patrol Trooper Danny Leezer arrested Plaintiff Alfred Cote at a house owned by Cote in Nauvoo, Illinois. Defendant Leezer allegedly used excessive force in arresting the Cotes. <u>Amended Complaint as of Nov 5 2009 (d/e 28)</u>, ¶¶ 4, 6. Leezer arrested

---

[1]The Motion refers to plaintiffs in the plural on occasion. Plaintiff Alfred Cote alone signed the Motion. He is proceeding pro se and can only sign for himself. He is therefore the only movant. If his wife Plaintiff Evelyn Cote wishes to join in a filing with this Court, she must also sign. The Court also notes that Alfred Cote improperly served the Motion by email. <u>See</u> <u>Text Order entered August 3, 2011</u>. Leezer has responded to the Motion, so the issue of service is waived.

Cote pursuant to a warrant charging Cote with obstructing a police officer. <u>Report and Recommendation entered February 23, 2010 (d/e 48) (Report and Recommendation)</u>, at 5. Plaintiff Evelyn Cote was also arrested, but the basis for her arrest is unclear. <u>Id.</u> Nauvoo Police Officer Sarah Houston (n/k/a Sarah Strope) participated in the execution of the warrant at the Cote house in Nauvoo. The Cotes were taken to jail. While at the jail, Leezer made some comment to Alfred Cote "about suing police or that maybe [Alfred Cote] shouldn't be suing the police." <u>Motion</u>, at 5. The Cotes were acquitted at trial. <u>Report and Recommendation</u>, at 7.

The Cotes brought this action on February 17, 2009. The action included claims against both Trooper Leezer and Officer Strope arising from the execution of the arrest warrant on July 7, 2007.[2] During discovery, Alfred Cote served Leezer with a request to produce two documents:

> 1. A copy of his car video camera log for July 7, 2007, that is kept under the State Police P&Ps.
>
> . . . .
>
> 2. A copy of the video and audio recorded on July 7 2007 once his lights were activated.

---

[2]The Cotes alleged other claims against other defendants that are not relevant to this Motion. See <u>Report and Recommendation entered February 23, 2010</u>, for a discussion of all of the claims still at issue.

Motion, Exhibit A, Defendant Danny Leezer's Response to Plaintiff Alfred Cote's Third Request for Production of Documents (Response), at 1, 2. Leezer responded by essentially stating that the documents sought did not exist. In response to the first request, Leezer stated:

> The encounter with and arrest of Alfred Cote was not in connection with a traffic pursuit or stop and therefore any video recording device in the squad car of Trooper Danny Leezer was not activated on July 7, 2007, in connection with Mr. Cote. As such, there is not entry of any log referencing that video equipment was used while encountering, arresting, or transporting Alfred Cote on July 7, 2007. Defendant objects to producing the log for the video of any other matter or of any person other than Alfred Cote which may have been recorded by Trooper Leezer on July 7, 2007, on the grounds that it is not relevant and unlikely to lead to admissible evidence.

Response, at 1. Leezer responded to the second request as follows:

> The encounter with and transportation of Alfred Cote was not in connection with a traffic pursuit or stop and therefore any video and audio recording device in the squad car of Trooper Danny Leezer was not activiated on July 7, 2007, in connection with Mr. Cote. Defendant objects to producing the video or audio of any other matter or of any person other than Alfred Cote which may have been recorded by Trooper Leezer on July 7, 2007, on the grounds that it is not relevant and unlikely to lead to admissible evidence.

Id. at 2.

The Cotes then took Leezer's deposition. Leezer stated that he was driving a squad car on July 7, 2007. The squad car was equipped with a video camera set in a fixed position pointing out the front windshield of the car. Leezer also testified that he had a microphone on his shirt.

A separate microphone may have also been installed in the vehicle. Response to Motion to Compel Leezer to Produce Documents (d/e 100) (Response), Defendant's Exhibit 3, Deposition of Trooper Dan Leezer (Leezer Deposition), at 51. The camera and microphones came on whenever Leezer activated the emergency lights in his vehicle. Id. at 39. Leezer then could turn off the microphones or camera, or both, manually. Leezer testified that the recordings and a permanent log of the recordings were kept in accordance with State Police policy if the trooper operating the recording equipment determined that the recordings had evidentiary value for either a criminal or civil case. Id. at 48-49. If the recordings did not have evidentiary value, the recordings were kept for ninety days and then the recording medium was erased and reused. Motion, at 2.

Leezer testified that he turned on his emergency lights when he drove to the Cote's house to execute the warrant on July 7, 2007. Leezer did not remember whether he turned off the recording equipment thereafter. Leezer Deposition, at 44. Leezer testified that even if the video camera continued recording after he arrived at the Cote's house, the camera would not have recorded any relevant events because he parked in such a way that the camera was not pointed at the house where the arrest occurred. Id. Leezer further testified that the responses to the two interrogatories quoted above were accurate. Id. at 130.

ANALYSIS

Alfred Cote now moves the Court to compel Leezer to produce the recordings and log from July 7, 2007. The Motion is denied. Leezer testified in his deposition that the statements in his responses to the request to produce, quoted above, were accurate. Therefore, the State Police did not retain any possible recording on July 7, 2007 related to the Cotes and did not log in any recordings for permanent retention. Since no documents exist, there is nothing to produce.

Cote argues first that the recordings must exist. Cote argues that because Leezer activated his lights during his trip to Cote's house the recording equipment came on. Cote argues that the equipment continued to run during the arrests because Leezer could not remember whether he turned the equipment off. Cote further argues that the recording must have been logged in and kept permanently because the microphone would have recorded the parties statements during the arrest and such information would have had evidentiary value to the criminal charges and his civil suit. He argues that Leezer's statement to Cote at the jail about not suing the police showed that Leezer knew that Cote would be suing, and so, knew that the recording would have evidentiary value.

Cote's assumptions and assertions are not persuasive. There is no clear evidence that a recording ever existed. The evidence indicates that

the recording equipment would have come on while Leezer drove to Cote's house, but there is no evidence that Leezer left the recording equipment running after he arrived. Leezer does not recall; that does not show that the recording existed. Leezer also testified that the responses to the requests to produce were accurate. Those responses state that no recording existed and no log entry existed. Thus, there was nothing to produce.

Cote argues that if the recording was not logged in and retained permanently, that the Court should impose an appropriate sanction upon Leezer for failing to preserve evidence. The Court disagrees. A sanction is only appropriate if Cotes shows that evidence was intentionally destroyed in bad faith. See Norman-Nunnery v. Madison Area Technical College, 625 F.3d 422, 428-29 (7th Cir. 2010). Cote must show that a recording existed and that Leezer did not mark such a recording for retention because he wanted to hide adverse information. Faas v. Sears, Roebuck & Co., 532 F.3d 633, 644 (7th Cir. 2008). Cote has presented no such evidence. There is no clear evidence that a recording existed. Leezer could have turned the recording equipment off when he arrived at Cote's house to serve the warrant.

Even if the recording equipment continued to operate at the scene, Cote presents no evidence that Leezer acted in bad faith in not retaining

the recording. The State Police policy required Leezer to log in and retain recordings that had evidentiary value. Leezer could have very reasonably concluded that any recording at the scene had no evidentiary value. He was serving an arrest warrant at a house. The video camera did not record the arrest because the camera was pointed out of the front windshield of his vehicle down the street, not at the house. Any audio recording made at the time of arrest had no evidentiary value to the criminal case because the charges on which the warrant was based concerned events that occurred days earlier.[3]

Cote relies on Leezer's statement as he left the jail that Cote should not be suing the police. Cote indicates that this statement proves that Leezer knew that audio recordings of the arrest had evidentiary value in Cote's planned civil suit. The Court disagrees. The vague reference does not show that Leezer knew that Cote was going to file a civil suit. The suit was not filed until more than a year and a half later, in February 2009. Leezer further could have reasonably concluded that an audio video recording of the street in front of the Cote house at the time of this arrest would have no evidentiary value even in a possible civil suit. There is no

---

[3]Cote presents no evidence that he made any statement that had evidentiary value relevant to the criminal charges.

evidence of bad faith. The Court finds no basis for Cote's request for sanctions.

WHEREFORE, Plaintiff Alfred Cote's Motion to Compel Danny Leezer to Produce Documents and Recordings (d/e 96) is DENIED.

ENTER: August 5, 2011

                          *s/ Byron G. Cudmore*
                     BYRON G. CUDMORE
          UNITED STATES MAGISTRATE JUDGE