UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EVELYN COTE and ALFRED COTE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TOM HOPP, SARAH HOUSTON, SCOTT ) <br> COWSER, DAN LEEZER, JAMES ) <br> DROZDZ, BRIAN HUNTER, JANE DOE, ) <br> JOHN DOE, ) <br> ) <br> Defendants. ) | Case No. 09-01060 |

# O R D E R

Now before this Court are (1) Plaintiffs Evelyn and Alfred Cote's ("the Cotes") Supplemental Motion for Leave to File the Revised Complaint [#113]; (2) Defendants Tom Hopp's and Sarah Houston's Motion for Reconsideration [#109]; (3) Defendant Dan Leezer's Motion for Reconsideration [#110]; (4) Plaintiffs' Motion for Order to Revive Plaintiffs' Motion for Summary Judgment [#117]; (5) Plaintiffs' Affidavit in Opposition to the Motion for Summary Judgment [#119], Plaintiffs' Memorandum of Law in Opposition to the Motion for Summary Judgment [#120], and Plaintiffs' Objection to the Motion for Summary Judgment [#122]; and (6) Defendant Tom Hopp's and Sarah Houston's Motion to Strike Plaintiffs' Motion for Summary Judgment [#121].

For the reasons stated for herein, Plaintiffs' Amended Complaint [#115] is STRICKEN. Defendants' Motions [#109, 110] are GRANTED. Plaintiffs' Supplemental Motion for Leave to File the Revised Complaint as of 7/15/2011 [#113] is

DENIED. Plaintiffs' Motion for Order to Revive Plaintiffs' Motion for Summary Judgment [#117] is DENIED.

Because Plaintiffs' Opposition to the Motion for Summary Judgment [#119], Plaintiffs' Memorandum of Law in Opposition to the Motion for Summary Judgment [#120], and Plaintiffs' Objection to the Motion for Summary Judgment [#122] all attack Motions that are herein denied, these documents need no further consideration. Defendants' Motion to Strike Plaintiffs' Motion for Summary Judgment [#121] is MOOT as there are no pending dispositive motions. Parties have 14 days from the date of this Order to file a dispositive motion, if any. Any dispositive motions must conform to Local Rule 7.1. Likewise, any responses and replies to such dispositive motions shall be filed in accordance with Local Rule 7.1.

**BACKGROUND**

Plaintiffs filed their pro se Complaint on February 17, 2009, and this case was assigned to Judge Harold A. Baker. After determining that the case was not a prisoner case and after denying Plaintiffs' petition to proceed in forma pauperis, this case was transferred to Judge Michael M. Mihm on May 24, 2009.

On or around June 23, 2007, Plaintiffs' son was driving his brother's car when he was pulled over and arrested by Scott Cowser ("Cowser"), a Hancock County Deputy Sheriff, for driving with a suspended license. Defendant Officer Tom Hopp ("Hopp"), , a Nauvoo police officer, arrived and remained with the car for the towing truck to arrive. While Officer Hopp was waiting, Plaintiffs arrived and told Officer Hopp that they had come to retrieve the car. At this time, Jason Zenk ("Zenk"), a tow truck operator, arrived and would not allow Plaintiffs to take the car without paying the towing fee in cash. An

argument ensued, and the Cotes informed Zenk and Hopp that they would be filing a civil suit over the dispute.

About a week later, in early July 2007, arrest warrants issued, charging the Cotes with obstructing a peace officer during the towing incident of June 23, 2007. The factual allegations against Mr. Cote stated the Mr. Cote took the car's ignition key and turned the wheels of the car, preventing the car from being towed. It remains unclear what the factual basis was for the arrest warrant against Mrs. Cote. On July 7, 2007, Defendant Officers Sarah Strope (formerly known as Sarah Stuecker and Sarah Houston) and Dan Leezer arrived at Plaintiffs' home, allegedly broke down the front door, and arrested the Cotes. Defendant Leezer also allegedly injured Mr. Cote while executing the arrest. In preparation for trial, State's Attorney James Drozdz, Assistant State's Attorney Hunter, and Defendant Officer Hopp allegedly edited information obtained in discovery in order to build a case against the Cotes. Plaintiffs were ultimately acquitted in a jury trial on July 15, 2009.

After filing their Complaint on February 17, 2009, Plaintiffs have since filed several Amended Complaints [#6, 22, 28], the most recent of which was filed on November 13, 2009. On April 1, 2010, this Court adopted the Report & Recommendation of Magistrate Judge Byron Cudmore, dismissing Plaintiffs' following claims: (1) Fourth Amendment claim by Mrs. Cote against Defendant Strope other than for breaking a door; (2) claims against Defendant Faulkner; (3) claims against the City of Nauvoo for failure to train; (4) conspiracy to commit false arrest; (5) claims under the Illinois Eavesdropping Statute and the federal eavesdropping provisions of 28 U.S.C. § 2511; (6) claims under the American Disabilities Act; (7) federal claim for malicious

prosecution; (8) federal claim for blocking access to the court; and (9) state law claims for false imprisonment, false arrest, defamation, intentional infliction of emotional distress, and failure to train/supervise employees.

As of April 1, 2010, Plaintiffs retained the following claims: (1) Fourth Amendment claim by Mr. Cote against Defendant Leezer based on excessive force incident to arrest; (2) Fourth Amendment claim by both Plaintiffs against Defendant Strope for damage to their door incident to arrest; (3) Fourth Amendment claims by both Plaintiffs against Defendants Hopp and Drozdz for false arrest; (4) state law battery claim by Mr. Cote against Defendant Leezer; and (5) state law malicious prosecution claim by both Plaintiffs against Defendants Hopp, Drodz, and Hunter.  Defendants Drozdz and Hunter have since settled with Plaintiffs.

On August 15, 2011, Plaintiffs filed a Motion for Leave to File an Amended Complaint [#103], which this Court granted on August 22, 2011.  The proposed Amended Complaint, however, contained several already dismissed parties and claims. The Court, therefore, entered a text order on the same day, refusing to file the proposed Amended Complaint and ordering Plaintiffs to file a revised Amended Complaint, deleting all previously dismissed claims and parties.  Defendants Hopp, Houston, and Leezer filed two separate Motions to Reconsider [#109, 110].  Before Plaintiffs were notified of this Court's Order requiring them to file a revised Amended Complaint, Plaintiffs also filed a Supplemental Motion for Leave to File [#113].

On August 31, 2011, Plaintiffs filed the revised Amended Complaint, which still contains previously dismissed claims and previously terminated parties.  Plaintiffs also allege new causes of action against a new party as well as new causes of action against

remaining parties. Plaintiffs also filed a Motion for Order to Revive Plaintiffs' Motion for Summary Judgment [#117], which appeared in their earlier attempt to file an Amended Complaint.

On September 9, 2011, Plaintiffs filed their Affidavit in Opposition to the Motion for Summary Judgment [#119] and their Memorandum of Law in Opposition to the Motion for Summary Judgment [#120]. That same day, Defendant Hopp filed his Motion to Strike Plaintiffs' Motion for Summary Judgment [#121]. On September 12, 2011, Plaintiffs filed their Objection to the Motion for Summary Judgment [#122]. This consolidated Order follows, resolving these disputes.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), plaintiffs may amend their complaint once "as a matter of course at any time before a responsive pleading is served;" at any other time "leave [to amend] shall be freely given when justice so requires." A plaintiff's right to amend as a matter of course is not, however, absolute. *See Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991). When examining whether to grant a motion for leave to amend, the Court must consider if the proposed amendment fails to cure the deficiencies in the original pleading or if it could not survive a motion to dismiss. *Timas v. Klaser*, 23 Fed.Appx. 574, 578 (7th Cir. 2001) (quoting *Perkins*, 939 F.2d at 472)).

Plaintiffs' most recent attempt to file an Amended Complaint does not fully comply with this Court's 8/22/2011 Text Order, ordering the Plaintiffs "to file a copy of their proposed Amended Complaint, deleting the names of all previously terminated defendants as well as the claims against them." While Plaintiffs did redact several already

dismissed claims, they also failed to redact the following items: (1) paragraphs 14, 15, and 19 pertaining to the Illinois Eavesdropping Statute and the federal eavesdropping provisions of 18 U.S.C. § 2511; (2) the City of Nauvoo as a party; (3) portions of paragraphs 6 and 16 referring to claims for "false imprisonment;" and (4) portions of paragraph 16 and paragraphs 13 and 17 referring to a claim for conspiracy to commit false arrest and excessive force. These claims were dismissed on April 1, 2010. While this Court stated that the Plaintiffs could file a motion seeking relief to amend their complaint in the event of newly discovered evidence in its April 15, 2010, Text Order, nothing before this Court allows Plaintiffs to revive these claims nor to revive their claim against the City of Nauvoo.

Furthermore, Plaintiffs attempt to state the following new claims: (1) claims against John McCarty, the Mayor of Nauvoo, Illinois and the Chief of Police in summer of 2007, who was previously named as a "John Doe," and (2) claims that Tom Hopp and Scott Cowser conspired with Sarepta Wilson to set up the traffic stop, create the false arrest, commit malicious prosecution, and commit false imprisonment.

Federal Rule of Civil Procedure 15(c)(3) permits an amendment to relate back to the original complaint only "where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." This Rule applies to situations in which a plaintiff names a John Doe defendant or a mistakenly named party. This Rule does not apply, however, where "there is a lack of knowledge of the proper party." *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir, 1998) (quoting *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996)). In this case, Plaintiffs did not make a mistake concerning McCarty's identity. Instead, Plaintiffs

did not know the identity of the John Doe mentioned in their initial Amended Complaints. As Plaintiffs did not amend their complaint to name McCarty until after the discovery deadline lapsed and until after the statute of limitations had expired, the claim against McCarty cannot be allowed.

Similarly, the conspiracy claim stated in paragraph 18 alleges new facts that would necessitate re-opening discovery and causing undue delay and prejudice. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995). Furthermore, Plaintiffs seek to file this new conspiracy claim outside of both the federal and the state statute of limitations. Thus, this claim would be improper at this stage. Additionally, the revised Amended Complaint makes the existing claims more difficult to understand and confuses the remaining issues. Allowing this Amended Complaint to be filed would unduly prejudice the defendants in defending against these claims, and would unduly delay the continuation of the case. As Plaintiffs failed to fully comply with this Court's Text Order requiring them to file a revised Amended Complaint without reference to previously dismissed claims and parties and, instead, sought to bring new claims against new parties, Plaintiff's revised Amended Complaint [#115] must be stricken.

The Court is mindful that a pro se litigant should be given every opportunity to amend their claims. In this case, however, Plaintiffs have given the Court no reason to believe that they will comply with the Court's directive to eliminate the claims and parties that have been previously dismissed or terminated. Furthermore, as discovery has closed in this case and the statute of limitations has passed on state law claims arising from the 2007 incidents, new claims are not appropriately raised at this time. Plaintiffs are not prohibited from requesting leave to amend their complaint, should it be

appropriate. Unless and until Plaintiffs seek leave and are granted as such, the parties are notified that the following claims remain:

(1) Fourth Amendment claim by Mr. Cote against Defendant Leezer based on excessive force incident to arrest;

(2) Fourth Amendment claim by both Plaintiffs against Defendant Strope for damage to their door incident to arrest;

(3) Fourth Amendment claims by both Plaintiffs against Defendant Hopp for false arrest;

(4) state law battery claim by Mr. Cote against Defendant Leezer; and

(5) state law malicious prosecution claim by both Plaintiffs against Defendant Hopp.

## CONCLUSION

For the reasons stated for herein, Plaintiffs' Amended Complaint [#115] is STRICKEN. Defendants' Motions [#109, 110] are GRANTED. Plaintiffs' Supplemental Motion for Leave to File the Revised Complaint as of 7/15/2011 [#113] is DENIED. Plaintiffs' Motion for Order to Revive Plaintiffs' Motion for Summary Judgment [#117] is DENIED as the Motion for Summary Judgment did not conform with Local Rule 7.1. Defendants' Motion to Strike Plaintiffs' Motion for Summary Judgment [#121] is MOOT as there are no pending dispositive motions.

Entered this  14th  day of September, 2011.

> By: s/Michael M. Mihm
> United States District Court Judge
> Central District of Illinois