E-FILED
Tuesday, 20 September, 2011  11:44:56 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| EVELYN COTE and ALFRED COTE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-CV-1060 |
| | ) | |
| TOM HOPP et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion to Vacate Defendant's Hopp & Huston Motion to Compel (d/e 114) (Motion). For the reasons set forth below, the Motion is DENIED.

The Plaintiffs ask the Court to vacate its Opinion entered August 16, 2011 (d/e 107) (Opinion). The Opinion allowed Defendants Tom Hopp and Sarah Stuecker's Motion to Compel (d/e 95) (Motion to Compel).[1] The Plaintiffs state that they did not receive a copy of the Motion to Compel by mail. The certificate of service, however, shows that the Motion to Compel was mailed on July 13, 2011, to Plaintiffs at 1401 Avenue E, Fort Madison, Iowa 52627. Motion to Compel, Certificate of Service. That was the

---

[1]Sarah Stuecker was previously known as both Sarah Strope and Sarah Houston.

Plaintiff's address on file with the Court in this case at that time.[2]   The

Plaintiffs are therefore presumed to have received the Motion to Compel.

Boomer v. AT & T Corp., 309 F.3d 404, 415 n. 5 (7th Cir.  2002).  Hopp and

Stuecker have further presented evidence that their counsel mailed the

Motion to Compel and all other pleadings and discovery in this case to the

Plaintiffs at their address of record in this case, and that none has been

returned by the U.S. Postal Service.  Response to Plaintiffs' Motion to

Vacate Defendants Hopp & Huston's Motion to Compel (d/e 11), Exhibit 1,

Affidavit of Karen J. Johnson, ¶¶ 3-4.  The Plaintiffs have presented no

evidence to rebut the presumption.  A bare denial of receipt is not

sufficient to overcome the presumption.  See Laouini v. CLM Freight Lines,

Inc., 586 F.3d 473, 479-80 (7th Cir. 2009); In re Longardner & Associates,

Inc., 855 F.2d 455, 459 (7th Cir. 1988).  The Plaintiffs, therefore, were

properly served with the Motion to Compel.

As explained in the Opinion, the Plaintiffs were required to respond to

the Motion to Compel within fourteen days.  Opinion, at 1.  They did not.

The Court, therefore, properly presumed that the Plaintiffs had no

opposition to the Motion to Compel.  Id.; see Local Rule 7.1(B)(2).  The

---

[2]On August 23, 2011, Plaintiffs provided the parties and the Court with their new
address.

Plaintiffs, further, have presented nothing to show that they have a good faith basis to oppose the Motion to Compel.

WHEREFORE, Plaintiffs' Motion to Vacate Defendant's (sic) Hopp & Huston Motion to Compel (d/e 114) is DENIED.  Plaintiffs must comply with the Opinion entered August 16, 2011 (d/e 107), and must answer the Defendant's' Interrogatories and produce documents responsive to Defendants' Request to Produce as set forth in the Motion to Compel by October 7, 2011.

ENTER:    September 20, 2011


_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE