# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **EVELYN COTE and ALFRED COTE,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TOM HOPP, SARAH STUECKER, SCOTT COWSER, DAN LEEZER, DON FALKNER, JOHN JEFFERSON, JAMES DROZDZ, BRIAN HUNTER, CITY OF NAUVOO, ILLINOIS, HANCOCK COUNTY SHERIFF'S DEPARMENT, JANE DOE, JOHN DOE, JOHN MCCARTY**<br><br>**Defendants.** | **Case No. 09-01060** |

## O R D E R

Now before the Court is Plaintiffs' Alfred and Evelyn Cote (collectively "Plaintiffs") Motion to Clarify and/or Reconsider [#136]. For the reasons set forth below, Plaintiffs' Motion to Reconsider [#136] is DENIED and Plaintiffs' Motion to Clarify [#136] is GRANTED.

## BACKGROUND

Plaintiffs filed their pro se Complaint [#1] on February 17, 2009. Fact discovery closed on July 15, 2011, and on August 15, 2011, Plaintiffs filed a Motion for Leave to File an Amended Complaint [#104] and attached a proposed Amended Complaint. On August 22, 2010, the Court initially granted the Motion [#104] but, upon further review, issued a Text Order that same day refusing to file the attached proposed Amended Complaint. As explained in that Order, the Court would not file the proposed Amended Complaint because it contained several already dismissed parties and claims. Plaintiffs were directed to file a new proposed Amended

Complaint, deleting the names of all previously terminated defendants and the corresponding claims against them by August 29, 2011.

On August 31, 2011, Plaintiffs filed their revised Amended Complaint [#115] which was stricken by this Court in its September 14, 2011 Order [#128]. The Court found that to allow Plaintiff's revised Amended Complaint would make existing claims more difficult to understand, confuse the remaining issues, unduly delay the continuation of the case, and would bring in new claims against new parties [#128 at 7]. Plaintiffs then filed a Motion to Clarify and/or Reconsider on September 29, 2011 [#136]. This Order follows.

## DISCUSSION

Motions for reconsideration can be filed under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). A litigant who moves for reconsideration under Federal Rule of Civil Procedure 59(e) must do so within 28 days of the entry of judgment; a litigant who moves for reconsideration under Federal Rule of Civil Procedure 60(b) may do so not more than one year after entry of judgment. (*See generally* FED. R. CIV. PROC. 59(e) and FED. R. CIV. PROC. 60(b)). However, to move under either rule, Plaintiffs must do so after final judgment has been entered. As such, the Court denies Plaintiff's Motion for Reconsideration.

While the Seventh Circuit has stated that it "may hold a pro se litigant's briefs to a lower standard than those prepared by counsel" Hilgeford v. Peoples Bank, 776 F.2d 176, 178 (7th Cir. 1985), Plaintiff's motion [#136] is woefully inadequate. Essentially, Plaintiffs claim that they "have been confused with the orders dated August 21 2011," that "the order of September 14th confused [them] even further," and that if the Court were to deny their new complaint they "would be denied due process" [#136 at 1] without citing to any substantive part of the record or any prevailing authority.

The Court has been perfectly clear in its requirement that Plaintiffs comply with the Federal Rules of Civil Procedure. Specifically, the Court held that Plaintiffs may not add previously dismissed parties or claims. *See* August 22, 2011 Text Order and [#128 at 5-6]. Likewise, the Court clearly explained that under Federal Rule of Civil Procedure 15(a), plaintiffs may amend their complaint once "as a matter of course at any time before a responsive pleading is served;" at any other time "leave [to amend] shall be freely given when justice so requires." [#128 at 5]. Despite Federal Rule of Civil Procedure 15(a)(2)'s relatively liberal standard, the Court held that to allow Plaintiffs' new claims – which fall outside of both state and federal state of limitations – would "necessitate re-opening discovery" and would cause "undue delay and prejudice." [#128 at 7]. Plaintiffs remain free to file another amended complaint but must not include parties which have already been dismissed or introduce claims which fall outside of their respective statutes of limitations.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Reconsider [#136] is DENIED and Plaintiffs' Motion to Clarify [#136] is GRANTED.

Entered this 24th day of October, 2011.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge