# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **EVELYN COTE and ALFRED COTE,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **TOM HOPP, SARAH STUECKER,** | ) |
| **SCOTT COWSER, DAN LEEZER,** | ) |
| **DON FALKNER, JOHN JEFFERSON,** | ) Case No. 09-01060 |
| **JAMES DROZDZ, BRIAN HUNTER,** | ) |
| **CITY OF NAUVOO, ILLINOIS,** | ) |
| **HANCOCK COUNTY SHERIFF'S** | ) |
| **DEPARMENT, JANE DOE,** | ) |
| **JOHN DOE 2, JOHN MCCARTY** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court are Plaintiffs' Motion for Leave to File Summary Judgment [#158], Defendant Tom Hopp and Sarah Stuecker's Motion to Strike [#161] and Defendant Dan Leezer's Motion for Extension to Time to File Answer [#164]. For the reasons set forth below, Plaintiffs' Motion [#158] is DENIED, Defendants' Motion [#161] is GRANTED and Defendant's Motion [#164] is MOOT.

## BACKGROUND

Plaintiffs filed their Complaint [#1] on February 17, 2009 asserting various claims arising from their alleged false arrest and malicious prosecution following a June 2007 towing incident. Over the course of the next two years, Plaintiffs were given additional opportunities to state their claims, [#6, 22, 28, 104-1, and 115] culminating in their sixth proposed Amended Complaint

[#157] – the filing relevant to this Order. A brief review of the procedural history of this case is instructive before discussing the issue at hand.

Fact discovery closed on July 15, 2011 and dispositive motions were due by September 15, 2011. On August 15, 2011, Plaintiffs filed a motion asking leave to file their fourth proposed Amended Complaint [#104] and attached their proposed Amended Complaint. The Court initially granted the Motion on August 22, 2010, but, upon further review, issued a Text Order that same day refusing to file the attached proposed Amended Complaint. As explained in that Order, the Court would not file the proposed Amended Complaint because it contained several previously dismissed parties and claims. Plaintiffs were directed to file a new proposed Amended Complaint, deleting the names of all previously terminated defendants and the corresponding claims against them by August 29, 2011.

On August 31, 2011, Plaintiffs filed their fifth proposed Amended Complaint [#115] which was then stricken by this Court in its September 14, 2011, Order [#128]. The Court found that to allow Plaintiff's proposed Amended Complaint would make existing claims more difficult to understand, confuse the remaining issues, unduly delay the continuation of the case, and would bring in new claims against new parties. [#128 at 7]. Plaintiffs then filed a Motion to Clarify and/or Reconsider that Order on September 29, 2011 [#136]. The Court reiterated that despite FED. R. CIV. PROC. 15(a)(2)'s relatively liberal standard, to allow the new claims Plaintiff proposed in its proposed Amended Complaint [#115] – which fell outside of both state and federal statutes of limitations – would "necessitate re-opening discovery" and would cause "undue delay and prejudice." [#153 at 3]. The Court held that Plaintiffs were "free to file another amended complaint" pursuant to FED. R. CIV. PROC. 15(a)(2) but cautioned that they "must not include parties which have already been dismissed or introduce claims which fall

outside of their respective statutes of limitations." [#153 at 3].  The Court *did not* grant Plaintiffs leave to file an Amended Complaint.  Despite this, Plaintiffs filed their sixth proposed Amended Complaint [#157] on November 7, 2011 which contained the previously dismissed eavesdropping claims.  That same day, Plaintiffs moved for summary judgment against Tom Hopp [#158] solely based on said eavesdropping claims.  This Order follows.

## DISCUSSION

Leave to amend pleadings should be freely given when justice so requires. FED. R. CIV. PROC. 15(a)(2).  However, this general principal has some limits.  Leave to replead need not be allowed in cases of "repeated failure to cure deficiencies by amendments previously allowed." *Stanard v. Nygren*, 658 F.3d 792 (7th Cir. Ill. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962) held that "leave to amend should be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.")).  Besides a party's right to amend "once as a matter of course" FED. R. CIV. PROC. 15(a)(1) "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. PROC. 15(a)(2).

In the instant case, this Court previously referenced the Seventh Circuit's holding that a court "may hold a pro se litigant's briefs to a lower standard than those prepared by counsel." *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985).  The generous pro se pleadings standards afforded by this Circuit, the leniency of FED. R. CIV. PROC. 15(a)(2), and this Court's previous instruction on the proper procedure for leave to file an amended complaint all serve to underscore Plaintiffs' repeated failure to properly plead.  Plaintiffs have filed several proposed Amended Complaints. [*See* # 6, 22, 23, 28, 104-1, 115].  Plaintiffs' most recent

proposed Amended Complaint [#157] fails because Plaintiffs did not seek leave of Court to amend its Complaint as required by FED. R. CIV. PROC. 15(a)(2).  Moreover, the proposed Amended Complaint contains state and federal law eavesdropping claims [#157 at ¶¶14, 15] that had been previously dismissed or stricken not once, [#50 at 4, 5-6] not twice  [#128 at 7], but three times [#153 at 3].  As such, Defendant Tom Hopp and Sarah Stuecker's Motion to Strike [#161] is GRANTED and Defendant Dan Leezer's Motion for Extension to Time to File Answer [#164] is MOOT.

Plaintiffs' Motion for Leave to File Motion for Summary Judgment [#158] is not only untimely but is only based on the aforementioned eavesdropping claims.  Because the deadline for dispositive motions has passed and because Plaintiffs proffer no good reason to depart from this Court's previous rulings, the Motion [#158] is DENIED.  Plaintiffs are cautioned that failure to adhere to this Court's previous Orders – namely, that Plaintiffs must not re-file claims that have been previously dismissed – will result in appropriate sanctions.   As a result of these rulings, the following claims remain in this case: (1) Plaintiff Alfred Cote's Fourth Amendment excessive force claim against Defendant Leezer; (2) Plaintiff Alfred and Evelyn Cote's Fourth Amendment claims against Defendant Stuecker for allegedly damaging their door incident to arrest; (3) Plaintiff Alfred and Evelyn Cote's Fourth Amendment false arrest claims against Defendant Hopp; (4) Plaintiff Alfred Cote's state law battery claim against Defendant Leezer; and (5) Plaintiff Alfred and Evelyn Cote's state law malicious prosecution claims against Defendant Hopp.  Final Pretrial Conference is scheduled at 10:00 a.m. on December 15, 2011, in person, before Judge Michael M. Mihm.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion [#158] is DENIED, Defendants' Motion [#161] is GRANTED and Defendant's Motion [#164] is MOOT.

Entered this 23rd day of November, 2011.

/s/   Michael M. Mihm
Michael M. Mihm
United States District Judge